## Preston v. Wood Refrigerating Co.

*Robert H. Rial,* for petitioners.

*Paul K. McCormick,* contra.

BAUER, J., February 3, 1951.—John H. Preston and Catherine D. Preston, his wife, have petitioned the court to permit them as claimants to the personal property under levy in this feigned issue or interpleader to file their own bond pending the determination of the issues involved. The issue has been framed between John H. Preston, one of the petitioners, and Wood Refrigerating Company, execution creditor.

On October 6, 1948, in the Court of Common Pleas of Allegheny County, Pa., judgment was confessed upon a judgment lease entered into October 23, 1947, between the Wood Refrigerating Company, lessor, and John H. Preston, lessee. An exemplification of the record of that proceeding was filed in the Prothonotary's Office of Westmoreland County, Pa., on October 11, 1948. A fieri facias was issued on that judgment at November term, 1948, no. 330. At August term, 1950, no. 96, an alias fieri facias was issued on the same judgment, and at November term, 1950, no. 3, a pluries fieri facias was likewise issued on the same judgment.

On October 20, 1950, following a property or goods claims made by John H. Preston and Catherine D. Preston, his wife, the Sheriff of Westmoreland County, Pa., petitioned the court for a rule for interpleader. On November 27, 1950, claimants, John H. Preston and Catherine D. Preston, filed an answer to the rule, alleging that they owned the levied goods as tenants by the entireties. On the same day the court directed that the rule entered by the sheriff for an interpleader be made absolute and an issue was awarded in which claimants were made plaintiffs and the Wood Refrigerating Company defendant. It was also ordered that the sheriff, on the filing by claimants of their bond and

statement of title, should withdraw all levies on the property claim and deliver such property to claimants.

Claimants then petitioned the court to permit them to file their own bond without sureties. Objections have been filed by the execution creditor, and the question before the court is whether claimants, John H. Preston and Catherine D. Preston, his wife, should be required to furnish bond with sureties or whether they should be permitted to file their own bond in the sheriff's interpleader.

Section 5 of the Act of June 22, 1931, P. L. 883, 12 PS §2362, reads as follows:

"If the goods and chattels levied on are found in the possession of the claimant (or his agent or bailee) and not in the possession of the defendant in the execution or process, the court may permit the claimant to file his own bond, upon it being shown that the claimant does not derive his title thereto by, from, or through the said defendant."

In the case of Klugh v. Morrison, 19 Westmoreland 23, an execution was issued against one Edwin Morrison. Margaret Morrison, his wife, alleged that the property was in her possession and entered a property claim. On her petition to be permitted to file her own bond, the court held that she must file a bond with sureties, ruling that the burden was on claimant to establish that she was in possession of the goods when the same were levied upon by the sheriff and that the goods were not in the possession of defendant named in the execution, her husband.

In the case of Whiting v. Landau's, Inc., 34 Luz. 140, an almost identical situation arose. In that case, execution was issued against Ann Whiting, wife of claimant. The court refused claimant husband's petition to file his own bond when he alleged that the property levied upon was jointly in the possession of himself and his wife, the wife being defendant. The court held that

it has discretion to allow claimant to file his own bond only in case, first, the goods levied upon are in the possession of claimant and, second, the goods are not in the possession of defendant, and the court further held that the goods were equally in possession of defendant, the wife, and claimant, the husband.

The act of assembly quoted above provides that:

". . . the court *may* permit the claimant to file his own bond, upon it being shown that the claimant does not derive his title thereto by, from, or through the said defendant."

Claimants have not alleged that they acquired title to the goods for themselves alone and by some means other than through the husband, John H. Preston. See Anders & Jervis Motor Co., to use, v. Gander et ux., 40 D. & C. 459.

Whether claimants should be permitted to file their own bond rests in the sound discretion of the court. In view of all the facts and circumstances, the court must decline to permit claimants to file their own bond without sureties. Defendant in the judgment, John H. Preston, has had ample time to move to open or set aside the judgment against him, but has failed to do so. Therefore, the court can only conclude that the debt is a just one.

It would be manifestly unjust for this court to allow defendants to furnish a valueless bond, take possession of the levied goods and dispose of them as they saw fit, thus depriving the execution creditor of the right to look to the levied goods for the payment of his claim. It is apparent from the pleadings that defendant, John H. Preston, is attempting to avoid payment of his debt. It would be inequitable and unjust for this court to aid him in his obvious attempt to take the levied goods from the law's jurisdiction and control.

The court feels that claimants should post a bond with sureties.

And now, to wit, February 3, 1951, the petition of John H. Preston and Catherine D. Preston, his wife, to file their own bond in this feigned issue and inter- pleader is refused and claimants are directed to file their bond with approved sureties within 10 days from the date hereof.